■ CROCE DI DONATO, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.— Determination of the Appellate Term, reversing the judgment of Municipal Court and remanding case for a new trial unless plaintiff stipulated to reduce the verdict to $1,864.20, unanimously modified on the facts and the law to strike out the provision for affirmance in the event plaintiff stipulated to reduce the verdict and, as so modified, affirmed, with costs to abide the event. Plaintiff sued for sickness allowances and vacation pay under a collective bargaining agreement. The agreement, made between a labor union and defendant, referred to the "present system and provisions for the welfare of employees, including * * * sickness allowances". This is the only provision in the agreement under which plaintiff could recover. It was therefore incumbent on plaintiff to establish what the "system" was that existed at the time of the making of the collective bargaining agreement. Plaintiff attempted to make such proof, but his evidence in that respect did not establish the terms. Furthermore, efforts of the defendant to establish the provisions of the unwritten "system" were met with objections improperly sustained. A further error, in itself sufficient to invalidate any verdict, occurred on the trial. Plaintiff's counsel, without sound basis and without any relevancy to the issues, sought to inject a question of racial discrimination into the case. He also sought to discredit the very contract under which he was suing by a claim that the other contracting party, the union, was company dominated. We are confident that on the new trial ordered these tactics will not be repeated but, if attempted, will meet proper disposition. Concur — McNally, J. P., Stevens, Eager, Steuer and Bergan, JJ.